IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE PANET-PANEL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIVIL NO. 18-1033 (PAD) |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Before the court is pro se petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence" (Docket No. 1) which the government opposed (Docket No. 9). Because the record conclusively demonstrates that petitioner is not entitled to relief under Section 2255, the motion is DENIED and the case DISMISSED.

**I.   BACKGROUND**

On June 16, 2015, the government filed a complaint against petitioner for possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841 (a)(1).  See, Crim. No. 15-423 (PAD)(Docket No. 1).  On June 24, 2015, a grand jury returned a two-count Indictment charging him with possession and conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and 846.  See, Crim. No. 15-423 (PAD)(Docket No. 17).  On June 29, 2016, he pled guilty to both counts under an unconditional plea agreement.  See, Crim. No. 15-423 (PAD)(Docket No. 54).  As part of the plea agreement, he was held accountable for possession and attempting to possess with intent to distribute at least 5 kilograms but less than 15 kilograms of cocaine.  See, Crim. No. 15-423 (PAD)(Docket No. 51, p. 5).

On January 13, 2017, petitioner was sentenced to 120 months of imprisonment as to count one and 97 months as to count two, to be served concurrently with each other, followed by five years of supervised release as to count one and four years of supervised release as to count two, to be served concurrently with each other. See, Crim. No. 15-423 (PAD)(Docket No. 72). In addition, the court imposed a special monetary assessment of $100.00 per count, forfeiture in the amount of $4,000.00, and general forfeiture as called for in the plea agreement. Id. Petitioner did not appeal.[1] On January 22, 2018, the Clerk filed on his behalf the "Motion under 28 U.S.C. § 2255…" and "Memorandum of Law in Support of 28 U.S.C. § 2255…" (Docket No. 1).[2]

## II. STANDARD OF REVIEW

Section 2255 provides for post-conviction relief in four instances, namely, if the petitioner's sentence: (1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack. See, David v. United States, 134 F.3d 470, 474 (1st Cir. 1998)(identifying grounds for post-conviction relief). The catch-all fourth category includes only assignments of error that reveal fundamental defects which, if uncorrected, will result in a complete miscarriage of justice or irregularities that are inconsistent with the rudimentary demands of fair procedure. Id. In other words, apart from claims of constitutional or jurisdictional nature, a cognizable 2255 claim must reveal exceptional circumstances that make the need for redress evident. Id. The burden is on petitioner to make out a case for 2255 relief. Id.

---

[1] The plea agreement contains a waiver-of-appeal clause. See, Crim. No. 15-423 (PAD)(Docket No. 52, p. 6).

[2] A copy of the petition was filed in Criminal No. 15-423 (PAD), at Docket Nos. 74 and 74-1.

### III.    DISCUSSION[3]

**A. Preliminary Hearing**

Petitioner claims that the return of indictment by a grand jury before a preliminary hearing infringed due process and equal protection of the law because it deprived him of the opportunity to attack the sufficiency of the complaint, access affidavits, interview witnesses, and challenge the jury selection process of the grand jury (Docket No. 1-1, pp. 3-6). The government counters that petitioner waived this claim by pleading guilty and not appealing, and in any event, the record does not reflect constitutional violations (Docket No. 9, pp. 6-7).

Petitioner pled guilty under an unconditional plea agreement. See, Crim. Case No. 15-423 (PAD)(Docket No. 51)("Plea Agreement (Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure")). In the main, an unconditional guilty plea effectuates a waiver of any and all "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollet v. Henderson, 411 U.S. 258, 267 (1973); United States v. Cordero, 42 F.3d 697, 699 (1st Cir. 1994)(unconditional guilty plea waives independent non-jurisdictional lapses that may have marred the case's progress up to that point). To this extent, the plea of guilty operates as "a confession of all the facts charged in the indictment," of the "evil

---

[3] The court has considered whether the petition is timely and concluded that it is. The Antiterrorism and Effective Death Penalty Act of 1996 provides in part that motions under Section 2255 are subject to a one-year limitation period. See, 28 U.S.C. 2255(a)(f) (setting forth period). The period runs from the last of a number of events, including "the date on which the judgment became final." 28 U.S.C. § 2255(f)(1). For purposes of this provision, "an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires," Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005), which occurs 14 days after the entry of judgment in light of Fed. R. App. P. 4(b)(1)(period to appeal). Judgment was entered on January 13, 2017. Because petitioner did not appeal, the petition had to be filed by January 27, 2018. And the Clerk filed it on petitioner's behalf on January 22, 2018. (The petition was mailed from a federal correctional facility via USPS, in an envelope postmarked January 12, 2018 (Docket No. 1-2)).

Panet-Panel v. United States
Civil No. 18-1033 (PAD)
Opinion and Order
Page 4

intent imputed to the defendant," and a waiver of all "technical and formal" objections of which the defendant could have availed himself by any other plea or motion.  Class v. United States, ---U.S.----, 138 S.Ct. 798, 804 (2018).  Like that, it "represents a break in the chain of events which has preceded it in the criminal process." Tollet, 411 U.S. at 267.

In this light, a defendant who has pleaded guilty without conditioning the plea generally cannot attack the conviction on the ground that evidence was obtained in violation of the Fourth Amendment, Haring v. Prosise, 462 U.S. 306, 321 (1983); that the prosecution violated the Equal Protection Clause by systematically excluding African Americans from grand juries in the county where he was convicted, Tollet, 411 U.S. at 266; or that the prosecution unlawfully coerced his confession – even if the confession was the only evidence supporting the conviction, McMann v. Richardson, 397 U.S. 759, 768 (1970).

A guilty plea does not, however, "waive all claims." United States v. Dewberry, 936 F.3d 803, 806 (8th Cir. 2019).  For example, it does not waive a defendant's right to challenge the constitutionality of the statute of conviction on direct appeal.  See, Class, 138 S.Ct. at 805-806 (guilty plea did not waive argument that the government lacked the power to criminalize the charged and admitted conduct); Menna v. New York, 423 U.S. 61, 63 n. 2 (1975)("[P]lea of guilty to charge does not waive a claim that – judged on its face – the charge is one which the State may not constitutionally prosecute").  Yet, the right to confrontation such as petitioner invokes is "basically a trial right." Barber v. Page, 390 U.S. 719, 725 (1968).  And a valid guilty plea forgoes not only a fair trial, but also other accompanying guarantees, including "the right to confront

accusers," in addition to complain about how "the indicting grand jury" was selected. Class, 138 S.Ct. at 805. Thus, by pleading guilty petitioner waived this claim.

All the same, petitioner could not prevail even if there were no waiver problem arising from his unconditional change of plea. He expresses a preference for preliminary hearings over grand jury proceedings, and in this way, for confronting witnesses, discovering evidence and so forth at a hearing. Even so, preliminary hearings in criminal cases are "not constitutionally required." Peterson v. California, 604 F.3d 1166, 1169 (9th Cir. 2010); Ward v. Clark, 2012 WL 77855777, *3, *4 (S.D.W.Va. Dec. 18, 2012)(Report and Recommendation *adopted at* 2013 WL 1437615, *1, *4 (S.D. W. Va. Apr. 9, 2013)).[4]

The purpose of a preliminary hearing "is not to provide a discovery mechanism for the defendant, though this may be a collateral or incidental benefit from the hearing, but merely to determine whether probable cause exists to bind an accused for action." United States v. Anderson, 481 F.2d 685, 691 (4th Cir. 1973), *aff'd* 417 U.S. 211 (1974). This determination may be in the form of a preliminary hearing or in the form of an indictment; however, "both are not required." United States v. Aranda-Hernández, 95 F.3d 977, 980 (10th Cir.), *cert. denied*, 520 U.S. 1144 (1996). So, there is no need for a preliminary hearing when an indictment "has been returned," for that return satisfies applicable constitutional requirements. United States v. Farries, 459 F.2d 1057, 1061 (3d Cir.), *cert. denied*, 409 U.S. 888 (1972); United States v. Battle, 2020 WL 5531585, *2 (S.D. N.Y. Sept. 15, 2020)(need for a preliminary hearing "is obviated" once an indictment is

---

[4] See also, Howard v. Cupp, 747 F.2d 510 (9th Cir. 1984)(there is no fundamental right to a preliminary hearing).

returned). A preliminary hearing in that situation "would be an empty ritual." Anderson, 481 F.2d at 691.[5]

As for the present case, a complaint was filed on June 16, 2015. See, Crim. No. 15-423 (PAD)(Docket No. 1). Eight days later, the grand jury returned the indictment. See, Crim. No. 15-423 (PAD)(Docket No. 17). By itself, the indictment "mooted any questions surrounding the preliminary hearing." United States v. Soriano-Jarquin, 492 F.3d 495, 502 (4th Cir. 2007), *cert. denied*, 128 S.Ct. 1221 (2008). In consequence, no constitutional due process violation occurred. See, Aranda-Hernández, 95 F.3d at 979-980 (no basis for relief on Fifth Amendment due process grounds when no preliminary hearing is held after indictment is returned). The same result is reached under the Sixth Amendment. See, Peterson, 604 F.3d at 1170 (the Sixth Amendment does not provide a confrontation right at a preliminary hearing). And equal protection does not require a different outcome. See, Kearney v. New York, 103 F.R.D. 625, 629 (E.D. N.Y. 1984)(rejecting argument that equal protection was denied when right to a preliminary hearing was superseded by a grand jury indictment); United States v. Lane, 707 F.Supp. 368, 373-374 (N.D. Ill. 1989) (rejecting claim that petitioner was denied equal protection in that he was charged by indictment which did not require a preliminary hearing to determine whether probable cause to arrest existed, instead of by information which would have afforded him such a probable cause hearing). As a result, petitioner is not entitled to relief on these grounds.[6]

---

[5] See also, Wright & Leipold, *Federal Practice and Procedure: Criminal 4th* § 91, p. 250 (no preliminary hearing is necessary when the prosecutor obtains an indictment before the date of the hearing).

[6] On a related matter, petitioner alleges that the indictment was not returned in open court before a Magistrate Judge (Docket No. 1-1, p. 6). Nonetheless, the record shows otherwise. See, Crim. No. 15-423 (PAD)(Docket No. 18). As well, he maintains that the indictment was not concurred in by twelve grand jurors (Docket No. 1-1, p. 6). The court

Panet-Panel v. United States
Civil No. 18-1033 (PAD)
Opinion and Order
Page 7

**B. Ineffective Assistance of Counsel**

Petitioner complains of ineffective assistance of counsel (Docket No. 1-1, pp. 6-10). A guilty plea does not waive this type of claim. See, Hill v. Lockhart, 474 U.S. 52, 58 (1985) (challenge to guilty plea based on ineffective assistance of counsel). To this end, petitioner alleges that counsel was ineffective in failing to: (1) inform him of the option of entering an open (straight) plea; (2) inform petitioner of his eligibility for a sentence below the statutory minimum under the safety valve; and (3) implement a sound strategy to address a downward departure due to minimum participation in the alleged conspiracy (Docket No. 1-1, pp. 6-8). The record does not sustain this claim.

The Sixth Amendment provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel has been interpreted as providing a defendant with "the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, a petitioner must show that his attorney's performance was deficient and that it prejudiced his defense. Id. at 687. The two-part test applies to challenges to the "plea bargaining process." Lafler v. Cooper, 566 U.S. 156, 162-163 (2012).

With respect to deficiency, a petitioner must prove that counsel's performance "fell below an objective standard of reasonableness" under prevailing professional norms. Strickland, 466

---

takes judicial notice of the "Record of the Number of Grand Jurors Concurring in an Indictment" in 15-423 (PAD), on file in Clerk's Office, to the effect that the number of grand jurors concurring in the indictment exceeded the number of jurors that Fed.R.Crim.P. 6(f) requires to indict. At any rate, for the reasons discussed earlier, the guilty plea forecloses claims predicated on these issues.

U.S. at 688. Bearing on this standard, defense counsel is presumed to have acted "within the range of reasonable professional assistance," and the petitioner bears the burden of overcoming "the presumption that, under the circumstances, [the] challenged action 'might be considered sound trial strategy.'" Id. at 689. To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. If the petitioner fails to satisfy one of the prongs, the court need not consider the remaining prong. See, Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010)(articulating formulation).

First, petitioner alleges that his counsel did not inform him of the option to enter an open plea and that had he known of that option he would have chosen it, for a straight plea would have allowed the court to accept the plea based on the charge and case-specific record in exchange for a sentence that would have avoided the minimum term set in the proposed plea agreement (Docket No. 1-1, p. 7). Yet petitioner also asserts that he asked counsel to negotiate a favorable plea that would be in his best interests and sentence he could receive. Id. And counsel negotiated. See, Crim. No. 15-423 (PAD)(Docket No. 29). For good measure, maybe petitioner instructed counsel to do so because he was not aware that he could enter a straight plea. Just the same, that would not surmount Strickland's prejudice prong.

Pursuant to a straight plea, petitioner would still have faced the statutory minimum sentence of 120 months of imprisonment. In other words, pleading guilty on a straight plea would not have allowed him to avoid the statutory minimum term of imprisonment applicable to this case

because count one charged him with possession with intent to distribute five kilograms or more of cocaine, thereby triggering the ten-year statutory minimum. See, 21 U.S.C. § 841(b)(setting forth minimum term of imprisonment). The plea agreement guaranteed the government's recommendation for a three-level reduction for acceptance of responsibility and precluded it from requesting an upward variant sentence and/or that the sentences be served consecutively to each other. See, Crim. No. 15-423 (PAD)(Docket No. 51, pp. 5-6). That being so, assuming counsel's performance fell below an objective standard of reasonableness in not informing his client of the option to enter an open plea, there was no prejudice in relation to Strickland. See, David v. United States, 134 F.3d 470, 477 (1st Cir. 1998)(rejecting ineffective assistance claim in absence of prejudice); Holmes v. United States, 2015 WL 402957, *11 (E.D.Va. Jan. 28, 2015)(same in context of allegations that counsel failed to inform petitioner about options regarding "straight up" guilty or *nolo contendere* plea).

Second, petitioner posits that counsel did not inform him of his eligibility for a below-statutory minimum sentence utilizing the safety valve (Docket No. 1-1, pp. 6-8).[7] At the change

---

[7] The safety valve provision of the Sentencing Reform Act, 18 U.S.C. § 3553(f)(1)-(5), "exempts certain drug offenders from mandatory minimum sentences." United States v. Padilla-Colón, 578 F.3d 23, 30 (1st Cir. 2009). The provision is "also set forth at Section 5C1.2 of the Sentencing Guidelines." United States v. Rodríguez-Durán, 507 F. 3d 749, 772 (1st Cir. 2007). Congress's purpose in enacting this provision "was to mitigate the harsh effect of mandatory minimum sentences on first-time, low-level offenders in drug trafficking schemes." Padilla-Colón, 578 F.3d at 30. According to a House Report on the matter, while sentence reductions for mitigating factors were available to the most culpable, they did not operate to the benefit of the least culpable. Id. at n.3. In response, the House sought to exempt a narrow class of drug defendants- those least culpable -from the mandatory-minimum sentencing scheme. Id. To qualify for relief under the safety valve, a defendant must meet five requirements: (1) the defendant cannot have more than one criminal history point as determined under the sentencing guidelines; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;(3) the offense did not result in death or serious bodily injury to any person;(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or

Panet-Panel v. United States
Civil No. 18-1033 (PAD)
Opinion and Order
Page 10

of plea hearing the Magistrate Judge explained to the petitioner that Count One entailed a ten-year statutory minimum sentence and that only if he complied with the safety valve could he receive a lesser sentence. See, Crim. No. 15-423(PAD)(Docket No. 77, pp. 20-21). She asked him if he understood that, and he answered "Yes." Id. at p. 21. Further, she asked petitioner's counsel if he had discussed this with petitioner, and he answered that he had. Id. at 20. To boot, the Plea Agreement Supplement, which the petitioner signed, specifies that "[i]f the defendant complies with all the requirements of the safety-valve provisions found in Title 18, United States Code, Section 3553(f)(1)-(5) and Section 5C1.2 of the U.S. Sentencing Commission Guidelines Manual ("Sentencing Guidelines"), his Base Offense Level will be decreased by two levels, pursuant to Section 2D1.1(b)(17) of the Sentencing Guidelines." See, Crim. No. 15-423(PAD) (Docket No. 52, p. 1).

On this account, the record is contrary to petitioner's allegation that he was not aware of the possibility of benefitting from the safety valve. After that, he was ineligible for the safety valve, as he had more than one criminal history point. See, Presentence Investigation Report in Crim. No. 15-423 (PAD)(Docket No. 56, pp. 8-9). In terms of Strickland, defense counsel's performance cannot be considered deficient or prejudicial. See, United States v. Padilla-Colón, 578 F. 3d 23, 24 (1st Cir. 2009)(applying mandatory minimum sentence in case where defendant did not qualify for safety valve).

---

offenses that were part of the same course of conduct or of a common scheme or plan. See, 18 U.S.C. § 3553(f)(1)-(5)(listing requirements); U.S.S.G. § 5C1.2 (same).

Panet-Panel v. United States
Civil No. 18-1033 (PAD)
Opinion and Order
Page 11

Third, petitioner states that counsel failed to implement a sound strategy to address a downward departure due to minimum participation, that is, an offense level reduction under U.S.S.G. § 3B1.2 (Docket No. 1-1, p. 8).[8] However, U.S.S.G. § 3B1.2.2 does not apply unless the offense "is committed by more than one participant." Introductory Commentary to Part B-Role in the Offense. And the petitioner was the only participant here. The "Stipulation of Facts" included in the Plea Agreement, which petitioner signed, shows that he met with an undercover law enforcement officer to discuss smuggling cocaine into the Luis Muñoz Marín International Airport ("LMMIA"). See, Crim. No. 15-423 (PAD)(Docket No. 51, pp. 10-12). As he worked for a company that provided cleaning services to the LMMIA, he had access to secure areas within the airport and was subject to less supervision than other employees. Id. at p. 10. He agreed with the undercover officer to smuggle cocaine on more than one occasion, acknowledging that he was in a position of trust at his place of employment in a way that facilitated the commission of his crime. Id. at pp. 10-11.

In this setting, undercover law enforcement officers are not considered criminally responsible for the commission of the offense. See, Application Note 1 to U.S.S.G. § 3B1.2 (stating that for purpose of this guideline, the term participant has the meaning given to that term in application Note 1 of U.S.S.G § 3B1.1, which in turn provides that a participant is a person who is criminally responsible for the commission of the offense, and that a person "who is not

---

[8] Section 3B1.2 calls for a decrease in the offense level based on the defendant's role in the offense as follows: (a) four levels if the defendant was a minimal participant in any criminal activity; (b) two levels if the defendant was a minor participant in any criminal activity; and (c) three levels in cases falling between (a) and (b). See, U.S.S.G. § 3B1.2 (so providing).

criminally responsible for the commission of the offense (*e.g.*, an undercover law enforcement officer) is not a participant").[9] Defense counsel cannot be considered to have been ineffective in not arguing in favor of a reduction in connection with U.S.S.G § 3B1.2. Nothing on the record undermines confidence in the outcome of this case.

### C. Evidentiary Hearing

Petitioner contends that he is entitled to an evidentiary hearing on the merits of the habeas claim (Docket No. 1-1, p. 17). A "prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right." David, 134 F.3d at 477. Even if a hearing is requested, the district court properly may forgo it when: (1) the motion is inadequate on its face; (2) the movant's allegations, even if true, do not entitle him to relief; (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible. Id. For the reasons discussed in this Opinion and Order, the record conclusively shows that petitioner has no colorable claim for relief. With this in mind, summary dismissal is warranted. See, Holmes, 2015 WL 402956 at 16 (denying request for hearing in 2255 case because the record conclusively demonstrated that petitioner was not entitled to relief).

### IV. CONCLUSION

For the reasons stated, petitioner's motion under 28 U.S.C. § 2255 is DENIED and the case DISMISSED. Judgment shall be entered accordingly.

---

[9] Petitioner asserts that he did not receive an aggravating role enhancement (Docket No. 1-1, p. 13). True enough, but no such enhancement would have applied under U.S.S.G § 3B1.1 in a one-participant scenario like the one here.

## V.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the "Rules Governing Section 2255 Proceedings for the United States District Courts," the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. The court may issue a COA upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because no such showing has been made in the present case, the court will not issue a COA. Petitioner may still seek a certificate directly from the First Circuit under Rule 22 of the Federal Rules of Appellate Procedure. The Clerk shall forward a copy of this Opinion and Order to the petitioner.

**SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of March, 2021.

                                                 s/Pedro A. Delgado-Hernández
                                                 PEDRO A. DELGADO-HERNÁNDEZ
                                                 U.S. DISTRICT JUDGE